# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

JAMES GENTRY; KRISTI GENTRY; and
PATRICK GENTRY                                                                          PLAINTIFFS

V.                                    CASE NO. 3:17-CV-3008

MOUNTAIN HOME SCHOOL DISTRICT                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are a Motion for Partial Dismissal (Doc. 19) and Brief in Support (Doc. 20), filed by Defendant Mountain Home School District ("MHSD"); a Response to the Motion (Doc. 22) and Brief in Support (Doc. 23), filed by Plaintiffs James, Kristi, and Patrick Gentry; and MHSD's Reply (Doc. 26). For the reasons set forth herein, the Motion for Partial Dismissal is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

At the time of the events in the Amended Complaint (Doc. 18), Plaintiff Patrick Gentry was a student at Mountain Home High School with a 3.5 grade point average. He intended to attend college immediately after graduation in May of 2014. On January 20, 2014, Patrick and a female student named Jamie Voelkenks were seated in the auditorium, waiting for a school program to begin, when they began discussing a teacher who had given them each a "B" in his class. The two students thought they had deserved "A" grades. At some point, another student named Sarah Ross sat beside Patrick and Jamie and joined in their conversation about the teacher. Sarah suggested that they report the "unfair" teacher to the office and write the letter "B" in chalk on the teacher's car; Jamie suggested—with a chuckle—that they burn down the teacher's house; and Patrick jokingly

suggested that they pour pigs' blood over the teacher's female daughter, just as in a scene from the horror movie *Carrie*.

Someone in the auditorium must have overheard the students' comments and reported them to school officials. On January 22, 2014, Patrick was called to the office and interrogated by a Mountain Home police officer concerning the statements he had made in the auditorium about the teacher. Patrick's mother, Kristi, arrived at school and was advised that Patrick would be suspended for ten days, would be required to complete ten days of community service, and only after those requirements were completed would he be permitted to return to school. According to Patrick, he completed his community service hours and was told that a committee would need to review the matter and decide what would happen next. On February 7, 2014, Patrick and his parents learned that the review committee had decided that Patrick would not be allowed to return to the high school but would instead be transferred to the Guy Berry Alternative Learning Environment ("ALE"), a separate educational facility with its own courses, grades, and transcripts. Patrick asserts that Jamie's punishment was less severe than his, in that she was able to return to Mountain Home High School after performing her community service hours and finishing her period of suspension, and she was not forced to enroll at the ALE. Patrick was also not permitted to attend his high school prom.

Patrick's parents disagreed with the committee's decision and refused to sign a form that stated that they agreed to the District's recommendations. Kristi and James Gentry requested a meeting with the school Superintendent to discuss the situation, but their request was denied. They contend that this refusal to allow them to appeal the educational decision involving Patrick violated Patrick's and their right to due process. Mr. and Mrs.

2

Gentry claim that they were forced to withdraw Patrick from MHSD and move to another school district so that Patrick could complete his pre-college level coursework and graduate on time. This disrupted his academic performance and extra-curricular activities he had been participating in at Mountain Home High School. In addition, the Amended Complaint claims that Patrick suffered humiliation, ridicule, embarrassment, and damage to his reputation.

The claims for relief arise from alleged violations of 42 U.S.C. § 1983 and Title IX, as codified at 20 U.S.C. §§ 1681-1688. Plaintiffs allege that their constitutional rights were violated, specifically the right to liberty and property, the right to due process, and the right to equal protection under the law. They also claim that the statements Patrick made about his teacher did not constitute a true threat of violence and thus should have been protected by the First Amendment. The Title IX claim is that Patrick was intentionally discriminated against by MHSD because of his gender.

MHSD has filed a motion to dismiss all claims asserted by Patrick's parents, Kristin and James Gentry, as they are not the true parties in interest, lack standing to pursue claims on Patrick's behalf, and do not state claims for violations of law on their own behalf. The motion also asks that Plaintiffs' claim for injunctive relief against MHSD be stricken as moot, since Patrick has now graduated from high school and will not be subject to any decision-making by that entity in the future. Lastly, the motion asserts that the Title IX and Equal Protection claims should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs have failed to state facts to show MHSD intentionally discriminated against him due to his gender.

In the Plaintiffs' response to the motion, they agree that Kristi and James Gentry's claims should be dismissed without prejudice. As for the claim for injunctive relief against MHSD, they agree that Patrick is no longer a high school student and has now graduated; but they object to dismissing the request for injunctive relief because they contend the issue is not yet ripe. Finally, as to the Title IX and Equal Protection claims, they believe they have stated enough facts to survive dismissal. Below, the Court will consider these arguments in turn.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the Complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

enhancement.'" *Id.* In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

### A. Dismissal of Kristi and James Gentry

As Plaintiffs agree to the dismissal of Kristi and James Gentry from the lawsuit, the Court will order that relief.

### B. Injunctive Relief

"In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Mo. Prot. & Advocacy Servs. v. Carnahan*, 499 F.3d 803, 811 (8th Cir. 2007) (internal quotation and citation omitted). Here, MHSD asks that the Amended Complaint's prayer for injunctive relief be stricken as moot, since Patrick Gentry cannot reasonably expect that MHSD will repeat any of the alleged wrongs it has done to him, due to the fact that he has now graduated from high school and has enrolled in college. The Court agrees that the claim is moot. *See McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1210-11 (8th Cir. 1992) (finding that a student suing for violations of her constitutional rights under Section 1983 was not entitled to seek injunctive relief against the school after she graduated, as she failed to demonstrate a reasonable expectation that the event or events complained of would recur); *Grandson v. Univ. of Minn.*, 272 F.3d 568, 575 (8th Cir. 2001) ("That a plaintiff . . . is no longer a student is an adequate basis to dismiss an individual

5

Title IX claim for injunctive relief."). Accordingly, the prayer for injunctive relief will be stricken.

## C. Title IX and Equal Protection Claims

MHSD argues that Plaintiffs have failed to state sufficient facts to show that MHSD discriminated against Patrick due to his gender. MHSD contends that, at most, Patrick has stated in conclusory fashion that MHSD discriminated against him by not imposing a similar punishment on a female student who was at least as culpable as he was.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . [.]" 20 U.S.C. § 1681(a). "Title IX claims arising from disciplinary hearings can generally be challenged under two categories: erroneous outcome and selective enforcement. Under either standard, a plaintiff must show that gender bias was the source of the deprivation." *Doe v. Ohio State Univ.*, 239 F. Supp. 3d 1048, 1065 (S.D. Ohio 2017) (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714-15 (2d Cir. 1994)). Patrick makes a claim for selective enforcement here. A selective enforcement claim means that "regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Yusuf*, 35 F.3d at 714. "Title IX bars the imposition of [school] discipline where gender is a motivating factor in the decision to discipline." *Yusuf*, 35 F.3d at 715. Therefore, to state a valid Title IX claim, the Amended Complaint must plausibly plead that the disparate punishment Patrick received at school was

motivated by his gender, or else that gender discrimination was the source of his alleged deprivation.

The Equal Protection Clause of the Fourteenth Amendment similarly prohibits the state from discriminating against an individual due to gender. See U.S. Const. amend. XIV. For a public school student to establish an Equal Protection claim, he must show (1) that he was singled out and treated differently from persons similarly situated, and (2) that the disparate treatment he received was due to a prohibited characteristic, such as gender. See Ellebracht v. Police Bd. of Metro. Police Dep't of St. Louis, 137 F.3d 563 (8th Cir. 1998) (applying the standard with respect to public employees).

Having carefully reviewed the Amended Complaint, the Court finds that the facts it states in support of the Title IX and Equal Protection claims are thin, but sufficient to survive Rule 12(b)(6) dismissal. There are only two paragraphs of the Amended Complaint that contain facts about gender discrimination. Paragraph 27 claims that "[o]ne of the female teachers at the District tried to persuade [Jamie] Voelkenks to blame the entire incident on Patrick, but Voelkenks refused to lie about the comment she had jokingly made concerning burning down Coach Blevin's house"; and Paragraph 28 asserts that the school principal, Dana Brown, "could offer no reason to Gentry as to why Patrick was being treated differently than Voelkenks . . . ." Then, the Amended Complaint at Paragraph 60 alleges—in somewhat conclusory fashion—that "the Defendant and their actors named herein sought to discriminate against Patrick" by "singling him out for exclusion from school due to his gender." (Doc. 18, p. 19). As a whole, however, the Court finds that these facts show that Patrick was treated differently from his similarly-situated female counterpart, and

that a plausible inference of intentional discrimination due to gender has been raised. The Title IX and Equal Protection claims will therefore survive at this juncture in the litigation.

## IV. CONCLUSION

For the reasons described herein, **IT IS ORDERED** that Defendant Mountain Home School District's Motion for Partial Dismissal (Doc. 19) is **GRANTED IN PART AND DENIED IN PART** as follows: (1) Plaintiffs Kristi and James Gentry's claims are **DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is directed to terminate them as parties to this action; (2) Plaintiff Patrick Gentry's prayer for injunctive relief is **STRICKEN** due to mootness; and (3) and the request that all Title IX and Equal Protection claims be dismissed is **DENIED**.

**IT IS SO ORDERED** on this 1st day of December, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE